KOELLER-STRUSS COMPANY *v.* UNITED STATES (No. 4959) [1]

---

[1] C. A. D. 702.

United States Court of Customs and Patent Appeals, February 5, 1959

*Allerton deC. Tompkins* for appellant.

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Daniel I. Auster*, trial attorney, of counsel), for the United States.

Before O'CONNELL, Acting Chief Judge, and WORLEY, RICH, and MARTIN, Associate Judges

RICH, Judge, delivered the opinion of the court:

This appeal is from a judgment of the United States Customs Court, Third Division, C.D. 1963, denying a petition for the remission of additional duties.

██ The additional duties were assessed pursuant to section 489 of the Tariff Act of 1930, by reason of undervaluation of sugar candy imported from Cuba in 1946. The only portion of section 489 it is necessary to consider provides that:

*If the final appraised value* of any article of imported merchandise which is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof *shall exceed the entered value, there shall be* levied, collected, and paid, in addition to the duties imposed by law on such merchandise, *an additional duty* * * *. [Emphasis ours.]

This provision was eliminated from the Tariff Act of 1930 by the Customs Simplification Act of 1953 which became effective on September 7, 1953.

Entry of the merchandise in this case was made on November 29, 1946 and admittedly it was undervalued. The undisputed facts were stated by the Customs Court as follows:

According to the record presented, this merchandise was entered at the port of St. Louis on November 29, 1946, at $10.14 per 100 pounds, plus tax. It was appraised on November 23, 1948, at 18 cents per pound, net, packed. A timely appeal for reappraisement was filed, but the same was abandoned in June 1954 and dismissed by the court on August 17, 1954. The entry was liquidated on September 10, 1954, and additional duties assessed.

Under the circumstance that the determination of the appraised value was still on appeal, and hence unsettled, at the time when the 1953 Act repealed the provision for additional duties, appellant contends that *"liability* for them did not arise until after 9/7/53." [Emphasis ours.] This is appellant's sole contention and the only issue to be

decided. Appellant has conceded that if the liability did exist on September 7, 1953, then the judgment below should be affirmed.

In repealing the provision for additional duties, in case of undervaluation, the 1953 Act also provided, in section 23,

Except as may be otherwise provided for in this Act the repeal of existing law or modifications thereof embraced in this Act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil or criminal case prior to such repeal or modification, but all liabilities under such laws shall continue, except as otherwise specifically provided in this Act, and may be enforced in the same manner as if such repeal or modification had not been made.

The question we have to decide is simply whether the liability for the additional duties assessed against appellant had already accrued under section 489 before it was repealed, so as to continue beyond the date of such repeal by virtue of section 23, notwithstanding appellant, by its appeal, had held up a *final determination* of what the appraised value was until after the repeal.

The Customs Court said that the petitioner-appellant's contentions had been fully answered in *Brown & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 93, T.D. 40026, and appellant devotes much of its brief to comment upon that case in an attempt to distinguish it. That case differed in many ways from the present case and involved a somewhat different issue under different statutes. Arguments may be raised as to the universal truth of some of the statements made in the opinion. Nevertheless, the decision there reached was predicated on *principles* which are fully applicable to the instant situation.

▆ The principle stated in the *Brown & Co.* case which applies here is that it was the *act* of undervaluation which Congress sought to prevent in section 489, that the *liability* for additional duties *arises when the undervaluation is made* by the importer and that subsequent legal proceedings directed to the determination of what the appraised value is (what in fact was the market value at the time of leaving the foreign country) have no effect on the time when the liability arises.

Appellant's first argument relates to "entered value" and is merely a contention that it is "not necessarily determined on the date of importation or at the time of filing the original entry papers." Appellant is apparently quibbling over the fact that in the *Brown & Co.* case the court said that the liability for additional duties arose at the time of entry, arguing only that this is not necessarily so because the entered value may be that shown on a timely amended entry. While this may be true, there was apparently no attempt to amend in the *Brown & Co.* case where the court said, "The undervaluation was made at the time of entry * * *." Conceding that liability may not arise until expiration of the time permitted for amending an entry, the latest date when appellant could have amended its entered

value was November 23, 1948, nearly five years before the Simplification Act of 1953 repealed the additional duty provision. We fail to see how this point has any bearing on the decision. The record shows no effort to amend the entry in the instant case so, as in the *Brown & Co.* case, the undervaluation was in fact made at the time of entry, so far as the appellant's acts are concerned.

Another argument is based on the word "If" at the beginning of section 489. Appellant says that "the 'if' supposition" is not a fact until an appraised value higher than the entered value "comes into being" and it does not do so until the moment the appraised value is finally determined, this not having been done at the time of the repeal of the additional duty provision in 1953. Appellant attempts to clinch the argument by saying, "Surely this court will not hold that a Section 489 liability in fact ever existed in a situation where * * * the court on reappraisement appeal adopted the entered values * * * as the final appraised values." True, we will not so hold. The argument is specious nevertheless for we will and do hold that where the court adopts appraised values exceeding the entered values, the liability does exist, and has existed from a time when the importer made up its mind what value it would stand on as shown by its original or amended entered value.

The appellant's remaining and principal argument is, as already indicated, that when the Simplification Act of 1953 came into effect there was no "final appraised value" and hence no liability under section 489 for additional duty. The fault in this position is that it fails to distinguish between a liability and the determination of its existence by the courts. The value of the imported merchandise which determines the liability in this case existed when the goods were shipped. Litigants and tribunals might disagree for years as to what that value is, but it existed from the beginning. All a court can do is to make a quantitative determination on the evidence. *If* such value exceeded the entered value (original or amended) the collection of additional duty was mandatory. What created the liability here, however, was not the determination of the final appraised value by any officer or tribunal, but the *act of the importer* on which the liability depends, namely, the fixing of the entered value. The liability, if any, attached at that time. Assuming a subsequent period during which the entered value could be amended, such already attached liability could be avoided by amending the entered value to equal or exceed the value which would be determined on final appraisal. The time limit on this was the expiration of the statutory time to amend. In the absence of such an act, the liability remained, subject, of course, to the rights to contest its existence and amount as provided by statute. Liability cannot be escaped, however, merely by postponing the determination of its existence

by legal proceedings until the statute under which the liability arises has been repealed. Liability attaches in this type of case as a result of the importer's act, not as a result of a court's determination of its legal consequences and hence it comes into existence at the time of the act. The possibility that a court may determine that it never did come into existence does not alter this fundamental principle.

As suggested in the *Brown & Co.* case, any other construction would lead to interminable confusion. If the consequences of an act are not determined by the law in effect at the time it is performed, but by the law existing at some highly variable and indeterminate future time when some legal proceeding comes to an end, one would have a hard time trying to act in accordance with law for it would be impossible to know what law would fix one's legal rights or liabilities. If the Simplification Act of 1953 had doubled the additional duty instead of abolishing it, we have no doubt that appellant would heartily agree with this principle and would be urging it upon us.

We hold, therefore, as contended by the government, that the liability for additional duties in this case arose, at the latest, on November 23, 1948, when the importer's right to amend the entered value expired and the act of undervaluation was complete.

The judgment of the Customs Court denying the petition is *affirmed*.

O'CONNELL, Acting Chief Judge, was present at the argument of this case but did not participate in the decision.